UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

Civil Action No.

PERMOBIL, INC. and GORAN UDDEN,
Plaintiffs,
v.

DARDEN RESTAURANTS AND OSI
RESTAURANT PARTNERS, LLC,
Defendants.

**JURY DEMAND**

# COMPLAINT

## Introduction

Plaintiffs bring this action against Darden Restaurants ("Darden") and OSI Partners Restaurants, LLC ("OSI") for negligence, fraud, conversion, and violation of the Tennessee Identity Theft Deterrence Act of 1999. Specifically, defendants knowingly and willfully allowed third party, Johnny Haney, to fraudulently charge over $124,000 and $63,000 at Darden and OSI restaurants, respectively, on Permobil's American Express card. Permobil had an American Express Business Platinum Card account, set up by plaintiff (and original card member) Goran Udden, which included several cards in the name of certain Permobil employees, including Charles Combs. Each card contained an embossed Permobil employee's name and also embossed were the words "Permobil of America" under that individual's name. One of the American Express cards issued to former Permobil employee, Charles Combs, was fraudulently obtained by Johnny Haney, the husband of an employee of Permobil. Haney fraudulently charged his personal expenses to the card. The defendants knew or should have known that Johnny Haney was not Charles Combs (the name clearly embossed on the Permobil card), yet still

1

allowed him to use Permobil's American Express card to charge more than $187,000 in food and extravagant tips, which regularly exceeded 50% of the bill and many times exceeded 100% of the bill. Upon information and belief, Darden and OSI employees accepted large tips placed on the Permobil card, and, in exchange, gave Haney cash back while at the restaurants. The defendants' failure to notify Permobil of the fraudulent use of Permobil's American Express card renders them liable under Tennessee state law.

**Parties**

1. Plaintiff, Permobil, Inc. d/b/a Permobil of America, Inc. ("Permobil" or the "Company") is a corporation organized and existing under the laws of Tennessee with its principal place of business at 6961 Eastgate Boulevard, Lebanon, Tennessee. Permobil manufactures, distributes and sells electric wheelchairs throughout the United States.

2. Plaintiff Goran Udden ("Udden") is an individual who resides in Switzerland. Udden is a former President of Permobil. Udden currently is a Director of Permobil Inc.

3. Defendant Darden Restaurants ("Darden") is a Florida corporation with a principal place of business located at 5900 Lake Ellenor Drive, Orlando, Florida 32809. Darden owns, among others, Olive Garden, Red Lobster, and Longhorn restaurants. Darden regularly transacts business in Tennessee and the claims in this action arise out of transactions that occurred in Tennessee.

4. Defendant OSI Restaurant Partners, LLC ("OSI") is a Florida limited liability company with a principal place of business located at 2202 N. West Shore Boulevard, Tampa, Florida 33607. OSI owns, among others, Outback restaurants. OSI regularly transacts business in Tennessee and the claims in this action arise out of transactions that occurred in Tennessee.

## Jurisdiction

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1332.

## Facts

6. In or about 1993, Permobil, through its then President, Goren Udden, contracted with American Express to obtain an American Express Business Platinum Card (the "AMEX Card") to be used for Permobil business. American Express established a Platinum Card account under account number 3782-079623-4500. Permobil paid the AMEX Card charges, although Udden also remained liable for these charges.

7. When the AMEX account was first opened, Permobil authorized a certain number of its employees to use the AMEX Card for Permobil business. Permobil provided the names of the authorized cardholders to American Express. American Express then issued separate Permobil AMEX Cards for each authorized Permobil employee. Each such AMEX Card had the name of the Company ("Permobil of America, Inc.") and the name of the employee embossed on the card. Permobil distributed the appropriate card to each authorized employee. One of the authorized Permobil employees who received an AMEX Card was Charles S. Combs ("Combs"), a Permobil sales representative.

8. From 1995 until December 4, 2007, Jennifer Haney was employed as the accounts payable supervisor at Permobil. During this time, Ms. Haney was responsible

for reviewing and paying the Permobil AMEX Card account invoices. Ms. Haney remained as accounts payable supervisor until December 4, 2007, when Permobil terminated her employment. Ms. Haney reviewed the AMEX Card charges on the Internet and paid the charges electronically from Permobil's account at Bank of America. Permobil never gave Ms. Haney authority (actual or implied) to use any Permobil AMEX Card, however. Permobil also never suggested to American Express that Ms. Haney was authorized to use any Permobil AMEX Card.

9. On June 10, 2004, Charles Combs terminated his employment with Permobil. Ms. Haney and/or her husband, Johnny Haney, stole, and/or used fraudulent means to obtain, Combs' AMEX Card. Permobil believed that Combs' Card had been canceled and was unaware that Ms. Haney or Johnny Haney had improperly obtained Combs' Card.

10. From July 2004, Johnny Haney began charging personal expenses for food and drinks to the Permobil AMEX Card that had been issued to Charles Combs at Darden and OSI restaurants in the Nashville area, including Outback, Olive Garden, Longhorn and Red Lobster restaurants. In addition, Johnny Haney left extraordinary tips at these restaurants, regularly exceeding 50% of the bill and often exceeding 100% of the bill, and, upon information and belief, received cash back from the restaurants in exchange for large tips. Attached as **Exhibits A and B** are details of the charges made at Darden and OSI restaurants. Johnny Haney forged Charles Combs' signature when making purchases with this card. Johnny Haney continued to use the AMEX card at Darden and OSI restaurants until November, 2007. The employees of Darden knew or should have known the true identity of Johnny Haney and knew or should have known that he was not

4

Charles Combs, but still allowed him to use the Permobil Amex card in the name of Charles Combs to charge a total of $124,833.89 at Darden restaurants and $63,705.62 at OSI restaurants on Permobil's credit card. The charges were unauthorized, fraudulent and, indeed, constituted criminal acts of which Darden and OSI were aware or should have been aware, but nonetheless continued to allow Johnny Haney to fraudulently use the Amex card and failed to notify Permobil of the fraudulent activity.

11. Jennifer Haney and/or her husband concealed the fraud upon Permobil by paying the account charges related to Combs' card over the Internet without notifying Permobil of the unauthorized charges. Jennifer Haney and/or Johnny Haney also hid unauthorized charges and payments by spreading them among a number of different accounts and cost centers on Permobil's accounting records so that they would not be noticed. Jennifer Haney and/or Johnny Haney destroyed and/or hid any American Express invoices or statements, which would have revealed that Charles Combs' AMEX Card was still active and that charges were being made against the Card. Accordingly, Permobil's management and its outside accountants were unable to discover the fraud.

12. Plaintiffs received no benefit from the Johnny Haney's unauthorized charges on the AMEX Card at Darden and OSI restaurants.

13. Permobil made demand on Darden and OSI for return of the money they received as a result of the fraudulent activity on the AMEX card and defendants' have refused Permobil's demand.

## COUNT I
### (Negligence)

14. Plaintiffs repeat and incorporate by reference here the allegations contained in each and every other paragraph of this Complaint.

5

15. Defendants negligently failed to notify plaintiffs of the numerous suspicious charges made by Jennifer Haney and/or Johnny Haney on the Permobil AMEX Card at Darden and OSI owned restaurants. Defendants also negligently failed to follow their own policies and procedures with respect to not giving customers cash back on purchases made using a credit card.

16. The defendants' negligence exceeds any negligence of plaintiffs. Plaintiffs have suffered damage as a result of the defendants' negligence.

## COUNT II
### (Negligent or Fraudulent Misrepresentation or Omission)

17. Plaintiffs repeat and incorporate by reference here the allegations contained in each and every other paragraph of this Complaint.

18. Defendants negligently or intentionally failed to alert Permobil to the Johnny Haney's inappropriate and fraudulent use of the Permobil AMEX card.

19. By their actions, defendants negligently or fraudulently represented that an authorized cardholder of Permobil had made charges at the restaurants owned by defendants.

20. Permobil suffered damage as a result of defendants' actions.

## COUNT III
### (Conversion)

21. Plaintiffs repeat and incorporate by reference here the allegations contained in each and every other paragraph of this Complaint.

22. Defendants accepted funds for goods when they knew or should have known that Permobil did not authorize the purchases and would not receive any benefit from the purchases.

6

23. Defendants received payments for purchases fraudulently made by the Johnny Haney for which Permobil became financially responsible and paid.

24. Defendants have been unjustly enriched at Permobil's expense by their refusal to reimburse Permobil for the unauthorized payments.

## COUNT IV
### (Tennessee Identity Theft Deterrence Act of 1999, 47-18-2101)

25. Plaintiffs repeat and incorporate by reference here the allegations contained in each and every other paragraph of this Complaint.

26. Pursuant to Tennessee Statute §47-18-2103, "It is unlawful for any person to directly or indirectly: (1) Engage in identity theft; or (2) Engage in any unfair, deceptive, misleading act or practice for the purpose of directly or indirectly engaging in identity theft."

27. Darden and OSI violated the Identity Theft Deterrence Act by knowingly allowing Johnny Haney to use a Permobil AMEX card in the name of Charles S. Combs at their restaurants, without checking appropriate identification, informing Permobil of his use of the card, or attempting to verify whether Johnny Haney had authority to use the Permobil AMEX card. Defendants' failure to verify whether Johnny Haney had authority to use the Permobil AMEX card before accepting the card for payment was an unfair, deceptive or misleading act or practice that either directly or indirectly allowed Johnny Haney to engage in identity theft.

27. Darden and OSI benefited from Johnny Haney's use of the Permobil AMEX card in the amount that exceeds $124,000 and $63,000, respectively. Permobil obtained no benefit from the use of the card at Darden and OSI restaurants and suffered losses exceeding $187,000.

28. Defendants' conduct was knowing and willful.

## Prayer For Relief

Wherefore, plaintiffs request the Court enter judgment against each of the Defendants as follows:

(i) Enter judgment against each of the defendants on Counts I through IV hereof;

(ii) Award plaintiffs all of their compensatory damages, including all damages arising from the fraudulent and unauthorized charges made by Jennifer Haney and/or Johnny Haney on the AMEX Card;

(iii) Award plaintiffs their costs and attorney's fees in connection with this action;

(iv) Award plaintiffs multiple and/or punitive damages; and

(v) Award plaintiffs such other and further relief and the Court deems meet and just.

## JURY DEMAND

Plaintiffs request a jury on all claims so triable.

Plaintiffs,
PERMOBIL, INC. and GORAN UDDEN
By its Attorneys,

_____
Jennifer L. Finger, Esq., Tenn. 024905
Permobil Inc.
6961 Eastgate Blvd.
Lebanon, TN 37090
615-470-1276

Of Counsel:
Nicholas J. Nesgos, BBO No. 553177
Joseph W. Corrigan, BBO No. 647393

8

POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
(617) 973-6100

Dated: December 4, 2009