UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PERMOBIL, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:09-01145 |
| ) | JUDGE HAYNES |
| ) | |
| GMRI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiffs, Permobil, Inc. d/b/a Permobil of America, Inc., a Tennessee corporation, and Goran Udden, a Switzerland citizen and Permobil's former president filed this action under 28 U.S.C. § 1332, the federal diversity statute, against the Defendants: GMRI, Inc., a Florida corporation, RARE Hospitality International, Inc., ("RHI"), a Florida corporation, and OSI Restaurant Partners, LLC, ("OSI"), a Florida limited liability company. Plaintiffs assert claims for negligence, negligent or fraudulent misrepresentation or omission, conversion, and violation of the Tennessee Identity Theft Deterrence Act of 1999, ("ITDA"), Tenn. Code Ann. § 47-18-2101 et seq.

Before the Court are Defendant OSI's motion for partial judgment on the pleadings (Docket Entry No. 29) and Defendants GMRI's and RHI's motion for partial judgment on the pleadings (Docket Entry No. 34), contending, in sum, that Plaintiffs' claims under the ITDA are barred by the applicable statute of limitations. In response, Plaintiffs assert that the applicable statute of limitations is tolled under the Tennessee discovery rule as well as by the Defendants' alleged concealment of the fraudulent activity giving rise to Plaintiffs' claims.

For the reasons set forth below, the Court concludes that the factual allegations in Plaintiffs' complaint could establish that the Defendants owed a legal duty to protect against unauthorized and fraudulent uses of the Permobil's credit card and that Defendants' breach of that duty could support a finding of Defendants' concealment of that fraudulent conduct. Thus, Defendants' motions for partial judgment on the pleadings should be denied.

## I. ANALYSIS OF AMENDED COMPLAINT

Permobil manufactures, distributes and sells electric wheelchairs throughout the United States. (Docket Entry No. 26, Amended Complaint, at ¶ 1). Goran Udden, formerly Permobil's president, is currently Permobil's director. Id. at ¶ 2. Defendant GMRI owns, among others, Olive Garden and Red Lobster restaurants; Defendant RHI operates Longhorn restaurants; and OSI owns, among others, Outback restaurants. Id. at ¶¶ 3-5.

Plaintiffs contracted with American Express ("AMEX") to obtain a credit card for Permobil's business. Id. at ¶ 7. Plaintiffs authorized a certain number of its employees to use the AMEX credit card for Permobil business and issued separate Permobil AMEX cards to each authorized employee, including Charles S. Combs, a sales representative. Id. at ¶ 8. Each credit card had Permobil's name and the employee's name embossed on the card. Id. Plaintiffs allege that after Permobil terminated Combs on June 10, 2004, Jennifer Haney, Permobil's accounts payable supervisor, and/or her husband, John Haney, unlawfully obtained Combs's AMEX credit card that was only for Permobil's business. Id. at ¶¶ 9-10.

According to their complaint, Plaintiffs allege that from July 2004 until November 2007, Johnny Haney began making unauthorized charges at Defendants' restaurants in the Nashville, Tennessee, area. Id. at ¶ 11. Specifically, Plaintiffs allege that from July 24, 2007, to November 3,

2007, Johnny Haney charged $124,833.89 in expenses at GMRI's[1] and RHI's restaurants and from July 23, 2004, to November 7, 2007, Johnny Haney charged $63,705.62 in expenses at OSI's restaurants. Id., Exhibits A and B. Plaintiffs further allege that Johnny Haney left very large tips, regularly exceeding 50% of the bill and often exceeding 100% of the bill, in exchange for receiving cash from the Defendants for use of Permobil's AMEX card. Id. Plaintiffs allege that Defendants were aware or should have been aware that in such circumstances, Johnny Haney was unlawfully using Permobil's credit card and Defendants failed to notify Permobil of Haney's fraudulent activity. Id.

Plaintiffs further allege that Jennifer and/or Johnny Haney concealed this fraud from Plaintiffs by paying the charges over the Internet from Permobil's bank account, hiding the charges by spreading them among a number of different accounts and cost centers, and destroying AMEX invoices. Id. at ¶ 12.

## II. CONCLUSIONS OF LAW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same legal standards as a Rule 12(b)(6) motion to dismiss. Lindsay v. Yates, 498 F.3d 434, 437 n.5 (6th Cir. 2007). Thus, the Court must construe the factual allegations in a light most favorable to the Plaintiffs and decide whether Plaintiffs can prove any set of facts in support of their claims that would entitle them to relief. Lindsay, 498 F.3d at 438.

Tennessee Code Ann. § 47-18-2103 provides that "It is unlawful for any person to directly or indirectly: (1) Engage in identity theft; or (2) Engage in any unfair, deceptive, misleading act or

---

[1] The date of the last unauthorized charge at a Defendant GMRI owned restaurant is October 12, 2007. Id., Exhibit A.

practice for the purpose of directly or indirectly engaging in identity theft." ITDA has a limitation period, Tenn. Code Ann. § 47-18-2104(c) that provides, in relevant part:

> A private action to enforce any liability created under this part may be brought within two (2) years from the date the liability arises, except that where a defendant has concealed the liability to that person, under this part, the action may be brought within two (2) years after discovery by the person of the liability. . . .

Id.

Defendants contend that the last date that liability could arise under the ITDA is October 12, 2007, the date of the last allegedly fraudulent charge to GMRI; November 3, 2007 for RHI, and November 7, 2007 for OSI. Plaintiffs' original complaint was filed on December 4, 2009. Thus, Defendants contend that Plaintiffs' ITDA claim falls outside of the two (2) year statute of limitations and that tolling of the statute of limitations is inappropriate because Plaintiffs' amended complaint alleges only that the Haneys hid or concealed their actions from liability, but does not allege that Defendants concealed any liability to Plaintiffs. Moreover, Defendants contend that even if they had a duty to notify Plaintiffs of the fraudulent charges, under Tennessee law, any affirmative act to conceal material information must be more than mere silence.

Plaintiffs respond that they were unaware of their claims until after December 4, 2007 and that tolling of ITDA's statute of limitations is appropriate because the ITDA incorporates the Tennessee common law discovery rule. Under that rule, "the applicable statute of limitations begins to run when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that an injury was sustained as a result of wrongful conduct by the defendant." Sutton v. Barnes, 78 S.W.3d 908, 912 (Tenn. Ct. App. 2002). Given Tennessee's reasonableness standard for its

4

discovery rule, the Court concludes that this issue cannot be resolved on a motion for judgment on the pleadings.

Plaintiffs also contend that Defendants concealed their involvement in the fraud and identity theft perpetrated by the Haneys by failing to inform Permobil of the Haneys' unauthorized uses of Permobil's AMEX credit card. According to Plaintiffs, Defendants' failure to inform Plaintiffs of Johnny Haney's fraudulent activity is equivalent to "conceal[ing] the liability" under ITDA. Plaintiffs also contend that the Defendants' acceptance of Plaintiff's credit card created a contractual relationship between the parties, creating a duty in the Defendants to disclose the fraudulent activity.

In Tennessee, the doctrine of fraudulent concealment is described as a "close cousin of the discovery rule," and if established, may toll the applicable statute of limitations. Estate of Morris v. Morris, No. W2009-00573-COA-R3-CV, 2009 WL 4642613, at *4 (Tenn. Ct. App. Dec. 9, 2009) (citations and quotation marks omitted). The Tennessee Supreme Court has stated:

> the affirmative action on the part of the defendant must be something more than mere silence or a mere failure to disclose the known facts. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry, or else there must be a duty resting on the party knowing such facts to disclose them.... **For example**, such a duty arises where a confidential relationship exists, as between physician and patient. In such cases, there is a duty to disclose, and that duty may render silence or failure to disclose known facts fraudulent. This is the rule in Tennessee and in other jurisdictions.

Shadrick v. Coker, 963 S.W.2d 726, 735 (Tenn. 1998) (quoting Benton v. Snyder, 825 S.W.2d 409, 414 (Tenn. 1992)) (emphasis in original and added).

Although Plaintiffs have not alleged that any confidential relationship existed between them, under Tennessee law, a legal duty is owed "to others to refrain from engaging in misfeasance, affirmative acts that a reasonable person should recognize as involving an unreasonable risk of

5

causing an invasion of an interest of another or acts which involve an unreasonable risk of harm to another." Giggers v. Memphis House. Auth., 277 S.W.3d 359, 364 (Tenn. 2009) (quoting Restatement (Second) of Torts §§ 284, 302 (1965)). The existence of a legal duty in a given factual context is a question of law for the Court. Id. at 365.

In Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 820 (Tenn. 2008), the Tennessee Supreme Court held that the foreseeability of the harm is a key factor on whether a defendant owes a legal duty and that "a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." (citations omitted). If there is a finding of a foreseeable risk of harm, "courts must engage in 'an analysis of the relevant public policy considerations,' to determine whether a duty enforceable in tort must be imposed." Giggers, 277 S.W.3d at 366 (citations omitted). The following non-exclusive factors have been considered:

> [T]he foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

Id. (citations omitted).

Although Tennessee courts are reluctant to impose liability for nonfeasance, "as a means of mitigating the harshness of the common law rule, exceptions have been created for circumstances in which the defendant has a special relationship with either the individual who is the source of the danger or the person who is at risk." Id. at 364. "[E]ven though the specific negligent act may

6

constitute an omission, the entirety of the conduct may still be misfeasance that created a risk of harm." Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 356-57 (Tenn. 2008).

Here, under Tennessee law, Plaintiffs did not have a contract with the Defendants. Owner-Operator Independent Drivers Assen, Inc. v. Concord EFS, Inc., 59 S.W.3d 63, 72-73 (Tenn. 2001). Yet, the factual allegations are that Johnny Haney left very large tips at the Defendants' restaurants, regularly exceeding 50% of the bill and often exceeding 100% of the bill, in exchange for cash. Such transactions at a restaurant could reasonably be deemed to be highly unusual. The Defendants' alleged acts of accepting Permobil's credit card for such unusual transactions in exchange for cash are affirmative acts. The Defendants were integral participants in these transactions that involve the credit card issuer (American Express), the merchant (the Defendants) and the credit cardholder (Plaintiffs). This credit transaction arrangement can give rise to legal duties owed by participating parties. See Sovereign Bank v. BJ's Wholesale Club, Inc., 395 F. Supp. 2d 183, 193-95 (E.D. Pa. 2005) (merchant owed a legal duty to the issuer of the credit card involving retail transactions subject to federal regulations).

In a related action in this District, involving the same core factual allegations, the Honorable Alata Trigger denied American Express's motion to dismiss Plaintiffs' claims, citing Tennessee law that a third party's dealings with the principal's agent who engages in fraudulent conduct, can give rise to a legal duty owed to the principal. Permobil, Inc. v. American Exp. Travel Related Services Co., Inc., 571 F. Supp. 2d 825, 831-35, 841-43 (M.D. Tenn. 2008).

The Court concludes that the similar factual circumstances here could be found to create a legal duty owed to Permobil, as the credit, cardholder by the Defendants, merchants that permitted Permobil's credit card to be used in unusual circumstances involving an exchange of large sums of

cash in restaurant transactions. These facts also could give rise to a finding of the Defendants' concealment of those transactions that could toll the applicable statute of limitations. This issue cannot be decided on a motion for judgment on the pleadings.

For the reasons stated above, Defendants' motions for partial judgment on the pleadings (Docket Entry Nos. 29 and 34) should be denied.

An appropriate Order is filed herewith.

ENTERED this the ___ day of November, 2010.

William J. Haynes, Jr.
United States District Judge